FILED
2004 JAN 13  PM 2: 18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD D. SPANGLER,** } | |
| Plaintiff, } | |
| v. } | Case No.: CV 03-P-2809-S |
| **WESTPORT INSURANCE CORPORATION,** } | |
| Defendant/Garnishee. } | |

ENTERED
JAN 13 2004

### MEMORANDUM OPINION

I.    Introduction

Two issues relating to removal are presented in this case: (1) whether a clerical error committed in the removal process by a state court clerk's office divests the court of removal jurisdiction under 28 U.S.C. § 1441(b) or destroys complete diversity under 28 U.S.C. § 1332(a)(1); and (2) whether the presence of an in-state judgment debtor to a garnishment proceeding prohibits removal of the case under 28 U.S.C. § 1441(b) or destroys complete diversity under 28 U.S.C. § 1332(a)(1). Because the court concludes that 28 U.S.C. § 1441(b) prohibits the removal of a garnishment proceeding if it involves an in-state judgment debtor and that the presence of an in-state judgment debtor destroys complete diversity under 28 U.S.C. § 1332(a)(1), the court need not reach the clerical error issue, which was the primary focus of the parties' presentation of oral argument to the court. Accordingly, Plaintiff's Petition to Remand is due to be granted, and this garnishment proceeding is due to be remanded to the Circuit Court of Jefferson County, Alabama.

II.   Facts and Procedural History

On August 12, 2002, Richard D. Spangler, an Alabama resident, sued Defendants Better Day



Trucking, Inc. ("BDT"), an Alabama corporation, and William E. Folsom, an Alabama resident, in the Circuit Court of Jefferson County, Alabama. Spangler alleged that, while operating a tractor trailer in Mississippi, he was motioned to pull off the road by Folsom, the driver of a BDT tractor trailer. While on the side of the interstate, Folsom rebuked Spangler for his actions during a prior lane change and told Spangler he had "cut him off" causing Folsom to slam on his brakes and thus damage BDT's tractor trailer. Also, while on the side of the road, Folsom allegedly pulled a knife and cut Spangler. Spangler subsequently filed this suit in Jefferson County Circuit Court against BDT and Folsom.

BDT failed to file an answer, and on August 20, 2002, default was entered in favor of Spangler and against BDT. Ironically, Folsom, the alleged knife-wielding truck driver, managed to avoid default by filing a *pro se* answer and the claims against him remained pending in the circuit court. On March 12, 2003, the Circuit Court of Jefferson County, Alabama, entered judgment in the total amount of $137,739.53 against BDT. On September 11, 2003, Plaintiff filed a Process of Garnishment against Westport Insurance Corporation ("Westport"), a Missouri corporation and the insurer of BDT, in an effort to collect upon the default judgment.

On October 15, 2003, Westport filed a Notice of Removal related to the garnishment proceeding. After receiving the notice of removal filed by Westport, the clerk's office packaged the entire case and forwarded it to the clerk's office of this court.[1] Plaintiff has moved to remand the entire case. (Doc. #5). Plaintiff asserts that remand of this action is required because the state clerk

---

[1] Rather than severing the garnishment claim against Westport and sending it to this court, the clerk's office for the Circuit Court of Jefferson County sent over the entire civil action, CV 02-3923. There is no evidence in the record suggesting that the actions of Westport caused or contributed to the mistake made by the clerk's office.

2

forwarded the entire case, including the underlying claims against Defendant Folsom, an Alabama resident, as well as the garnishment action involving judgment debtor BDT, which is also an Alabama resident. Defendant filed its opposition to Plaintiff's Motion to Remand on November 24, 2003, and Plaintiff filed a response on December 3, 2003. (Docs. #10-11). The parties presented oral argument to the court at its December 18, 2003 motion docket. The parties also provided the court with supplemental briefing on the remand issue on December 30, 2003. (Docs. #19-20).

III. Discussion

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Westport's removal to this court is premised upon diversity jurisdiction with respect to the garnishment proceeding filed after the default judgment was entered against BDT, an insured of Westport. The Eleventh Circuit has indicated, in dicta, that a garnishment proceeding is properly removable as a separate and independent cause of action. *See Webb v. Zurich Insur. Co.*, 200 F.3d 759, 760 (11th Cir. 2000) (noting, in passing, that magistrate judge correctly denied motion to remand filed by judgment creditor) (citing *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979) (addressing removal of garnishment proceeding initiated under Mississippi law). Thus, the court assumes without deciding that a garnishment action is removable in the Eleventh Circuit. Nevertheless, the court must still find with respect to the garnishment action that the parties are completely diverse; that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and that no other impediments to removal exist. 28 U.S.C. § 1332; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

No material dispute exists as to satisfaction of the amount in controversy requirement.

Similarly, there is no dispute with respect to diversity between Plaintiff and Westport. Instead, Plaintiff claims that removal of this case is barred by the resident-defendant provision of 28 U.S.C. § 1441(b) because the clerk's office included the still-pending state law claims against Folsom, who is an Alabama resident, when transmitting the file upon notice of removal to this court. Additionally, Plaintiff claims that removal of this case is barred by § 1441(b) because the judgment debtor BDT, who is a party to the garnishment proceeding, is an Alabama corporation.

A review of Westport's removal papers both in state and in this court leaves little doubt that it desired to remove the garnishment proceeding only. *See* Doc. #1 ¶ 5 (addressing removal of garnishment proceedings); Doc. #20 at Ex. 1 ("Notice of Removal of Claims Pending Against Westport Insurance Corporation"). The court need not decide the issue but does not believe Westport should be penalized for the clerk's office's clerical mistake of including pending claims against Folsom in processing the removal. Therefore, the court will examine the validity of the removal of the garnishment proceeding as if no error in transmission had been made by the state court clerk's office. In other words, the court will analyze Plaintiff's motion to remand as if only the garnishment action had been removed.

Under 28 U.S.C. § 1441(b) removal is premised upon diversity jurisdiction, and removal is not proper if one of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is the case because the removal statutes, as related to diversity jurisdiction, were designed so that defendants sued in a state court other than their own could opt, in certain cases, to remove the case to federal court to avoid any perceived home-cooking. Therefore, BDT's status with respect to the garnishment proceeding is critical because it is an Alabama citizen which could not itself effect removal. Similarly, the presence of BDT in the

garnishment action would destroy diversity under 28 U.S.C. § 1332 because both BDT and Plaintiff are Alabama citizens. Thus, the critical issue in this case relates not to Folsom's status but instead to that of BDT.

In a garnishment case unrelated to removal, the Supreme Court of Alabama held that a judgment debtor is a party to such a proceeding. *Orrox Corp. v. Orr*, 364 So. 2d 1170, 1171-72 (Ala. 1978) (concluding that debtor is bound by garnishment judgment and cannot later challenge it in another court because garnishment is ancillary in nature making debtor party to action). Therefore, to the extent that BDT is a party defendant to the garnishment proceeding, § 1441(b) bars removal. Moreover, complete diversity would not exist because Plaintiff and BDT are both citizens of Alabama making removal improper under 28 U.S.C. § 1332(a)(1). Westport argues in a footnote of its brief that, to the extent BDT is considered to be a party to the garnishment action, BDT should be aligned with Plaintiff so that diversity jurisdiction would be preserved. *See* Doc. #10 at 2 n.1. Westport does not refer the court to any legal authority that would support this proposition, and the court has not independently found legal precedent to allow for such a realignment. Thus, the court declines to realign the parties as requested by Westport.

There is an alternative basis to remand this case. If the court treats this garnishment proceeding as a direct claim solely against Westport, then 28 U.S.C. § 1441(b) would still bar removal because, under 28 U.S.C. § 1332(c), if an action involves an insurer and the insured is not joined as a party defendant, then the insurer "shall be deemed a citizen of the State of which the insured is a citizen . . . ." Therefore, for the purposes of diversity jurisdiction, Westport is deemed to be a citizen of Alabama because its insured, BDT, is a citizen of Alabama. Accordingly, Westport steps into the shoes of its insured BDT for the purposes of citizenship. Westport's inheritance of

5

Alabama citizenry requires remand for two reasons. First, § 1441(b) prevents an Alabama corporation (which it is deemed to be under § 1332(c)) from removing a case to an Alabama federal court. Second, complete diversity does not exist under § 1332(c) because Plaintiff and BDT (and therefore Westport) are Alabama citizens. *See Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298, 1301 (M.D. Ala. 2001).[2]

The court is mindful that other judges sitting in this district have reached different conclusions on the issue of remand involving garnishments. However, neither the *Webb* nor the *Butler* decisions, *supra*, which are binding precedent on this court, specifically address the impact of the presence of an in-state insured/debtor on a defendant's ability to remove a garnishment proceeding initiated by an in-state plaintiff under Alabama law. Furthermore, as removal statutes must be strictly construed due to the significant concerns of federalism involved in removal, the court is persuaded to follow the analysis established by Judge Ira DeMent in the *Wheelwright* case.[3] *Wheelwright*, 158 F. Supp. 2d at 1301. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (recognizing Congressional purpose to restrict federal court removal jurisdiction along with interplay of rightful independence of state governments).

---

[2] The focus of the *Wheelwright* opinion was whether the insurer, Liberty, was a citizen of Alabama, by principally doing business in the state, such that it destroyed diversity between it and the Alabama judgment creditor. *Wheelwright*, 158 F. Supp. 2d at 1301.

[3] It is worth noting that the court's decision in this case does not effectively render all garnishment actions unremovable. For instance, had BDT been incorporated in a state other than Alabama and had its principal place of business located outside of Alabama, then the bars to removal under § 1441(b) and § 1332 identified in this opinion would not have existed.

6

A separate order remanding this entire action shall be issued.

**DONE** and **ORDERED** this ____13th____ day of January, 2004.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE